**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:                                                          Chapter 11

TZADIK SIOUX FALLS PORTFOLIO I, LLC          Case No. 25-13865-PDR
TGM2, LLC                                                    Case No. 25-13867-PDR
GARDEN VILLAS APARTMENTS, LLC,            Case No. 25-13868-PDR
TZADIK HIDDEN HILLS APARTMENTS, LLC     Case No. 25-13884-PDR
TZADIK RAPID CITY PORTFOLIO I, LLC           Case No. 25-14655-PDR


                                                                (Jointly Administered)
Debtors.                                                   Main Case No. 25-13865-PDR
_____/

**DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING**
**PROCEDURES TO PERMIT MONTHLY PAYMENT OF**
**INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS**

Tzadik Sioux Falls Portfolio I, LLC ("Portfolio I"); Garden Villas Apartments, LLC

("Garden Villas"); Tzadik Hidden Hills Apartments, LLC ("Hidden Hills"); TGM 2, LLC ("TMG

2"), and Rapid City Portfolio I, LLC ("Rapid City"), the jointly administered Chapter 11 debtors

and debtors-in-possession herein (together, the "Debtors"), by and through undersigned counsel,

pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Local Rule 2016-1(B)(3)(b) of the of the Local Rules of the United States Bankruptcy Court for

the Southern District of Florida (the "Local Rules"), hereby file the *Debtors' Motion for Entry of*

*an Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of*

*Chapter 11 Professionals* (the "Motion") retained by Order of the Bankruptcy Court. In support

of the Motion, Debtors respectfully state as follows:

**Jurisdiction And Venue**

1.      On April 9, 10, and 27, 2025 (the "Petition Date")[1], Debtors commenced their

_____

[1] Portfolio I, Garden Villas and TMG 2 Filed their voluntary petitions on April 9, 2025. Hidden Hills filed its voluntary

bankruptcy cases (the "Bankruptcy Cases") by filing their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtors have operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      On April 15, 16, and 29, 2025, the Court entered separate orders in each of the Debtors' cases granting the requested joint administration.[2]

3.      As of the date hereof, no creditors' committee has been appointed in the cases. In addition, no trustee or examiner has been appointed.

4.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a coreproceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5.      The statutory predicates for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule 2016-1(B)(3)(b).

### Background And Business Operations

6.      Portfolio I, Garden Villas, Hidden Hills and Rapid City (collectively, the "Operating Debtors") are in the business of owning and renting multi-unit residential rental properties throughout South Dakota (the "Rental Properties"). TGM 2 has an ownership interest in Portfolio I.

7.      The Operating Debtors engage a property management company, Tzadik Properties, LLC (the "Management Company") pursuant to property management agreements.

---

petition on April 10, 2025. Rapid City filed its voluntary petition on April 27, 2025.
[2] TMG 2 (ECF #11); Garden Villas (ECF #15); Hidden Hills (ECF #15); Portfolio I (lead case, ECF #13), Rapid City (ECF #9).

The Management Company is responsible for managing the day to day operations of the business including, but not limited to, readying, marketing and leasing rental units; reviewing and processing applications for potential tenants; ensuring tenant compliance with their respective lease; addressing all tenant service requests; collecting rents and maintaining the properties.

8.     For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of Adam Hendry, Chief Executive Officer of the Debtors, in support of the First Day Motions* (the "First Day Declaration") [ECF No. 35].

<u>**Relief Requested**</u>

9.     The Debtors request that the Court enter an order establishing a procedure for compensating and reimbursing chapter 11 professionals employed by the Debtors' estates on a monthly basis, comparable to those established in complex chapter 11 cases in this and other districts. In this way, the Court and the parties-in-interest can more effectively monitor the fees incurred by professionals, and the Debtors will be able to spread out their payment of professional fees, rather than suffer larger depletions to their cash flows on an irregular basis.

10.    In connection with these Chapter 11 cases, the Debtors filed an application to employ and retain Morgan Edelboim and the law firm of Edelboim Lieberman PLLC, as their bankruptcy counsel [ECF No. 32] (the "<u>Employment App.</u>") and supplement to the Employment App. to include Debtor Rapid City [ECF No. 57] (the "<u>Supplement</u>").

11.    Because the Debtors will also seek to employ additional professionals, the process of such professional fee applications may well be burdensome on the Debtors, these professionals, and the Court. Thus, implementation of compensation procedures will provide a streamlined and otherwise efficient method for compensating professionals and, as stated, such procedures will

allow the Court and parties in interest to monitor fees sought by and paid to such professionals.

12.    In summary, the requested monthly compensation procedure would require all professionals retained with Court approval (the "Professionals") to present a detailed statement of services rendered and expenses incurred for the prior month to (i) the officer designated by the Debtors to be responsible for such matters; (ii) counsel for Debtors; (iii) counsel for the Official Committee of Unsecured Creditors, if one is established; (iv) counsel for secured creditors (Merchants Bank of Indiana and Fannie Mae); (v) and counsel for the Office of the United States Trustee. In the absence of any timely objection, the Debtors would promptly pay 80% of the amount of fees incurred for the month, with a 20% holdback, and 100% of expenses for the month. These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process (approximately every 120 days).

13.    The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

a.    On or before the 10th day of each month following the month for which compensation is sought, each Professional will serve a statement upon (i) the Debtors, c/o Adam Hendry, the Manager (email: adam.hendry@tzadikconsulting.com); (ii) the attorneys for the Debtor, Edelboim Lieberman PLLC, c/o (email: brett@elrolaw.com); (iii) the attorneys for the Office of the United States Trustee, John Shank (john.s.schank@usdoj.gov); (iv) the attorneys for secured lender Merchants Bank of Indiana, Bast Amron LLP c/o Scott Brown (email: sbrown@bastamron.com); (v) the attorneys for secured lender Fannie Mae, Reed Smith LLP c/o Keith Aurzada (email: kaurzada@reedsmith.com; (vi) counsel to any official committee of unsecured creditors appointed in these Chapter 11 cases; and (vii) counsel to any other party-in-interest that specifically requests notice (together, the "Notice Parties").

b.    The monthly fee statements need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since the relief requested herein is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

c.      Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Notice Parties) which, shall ordinarily be for services rendered through a particular calendar month.

d.      Each Notice Party receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Notice Parties and the Professional so as to have such objection actually received on or before the 25th day of the month in which the statement is received. The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

e.      In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested, except for fees or expenses as to which an objection may be served by one of the Notice Parties as provided below.

f.      If the Debtors receive an objection to a particular fee statement, the Debtors shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth above. All Professionals subject to the relief requested herein shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth below and after order of the Court.

g.      Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay 80% of that portion of the fee statement which is no longer subject to an objection.

h.      All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next hearing on an interim or final fee application.

i.      The service of an objection shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

j.      Unless the Court orders otherwise, each of the Professionals utilizing the procedures described herein shall file interim fee applications, for the amount of fees and expenses sought above, in accordance with the 120-day guideline set forth

in Section 331 of the Bankruptcy Code as follows:

     i.    First Interim Fee Applications may be filed on or after August 9, 2025 (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by the Professionals from the Petition Date through July 31, 2025

     ii.    Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four-month time period. All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases. The Court shall schedule and conduct a hearing upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

k.    A Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these fee procedures when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

l.    A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

m.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

13.    The Debtors will include all payments made to Professionals as contemplated herein in their monthly operating reports, identifying the amount paid to each Professional.

14.    The procedures suggested herein will enable all parties to closely monitor costs of administration and will enable the Debtors to maintain a more level cash flow availability and implement efficient cash management.

## **Basis For Relief Requested**

15.    Pursuant to Section 331 of the Bankruptcy Code, all professionals are entitled to

submit applications for interim compensation and reimbursement of expenses once every 120 days "or more often if the court permits." 11 U.S.C. § 331. Section 105(a) provides, in relevant part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Local Rule 2016-1(B)(3)(b) provides that "[in] larger chapter 11 cases, upon motion of a chapter 11 debtor, the court, upon notice and a hearing, may consider approval of procedures for monthly payment of interim fee applications of Chapter 11 professionals." Comparable procedures to those set forth herein have been adopted in other Chapter 11 cases in this district. *See, e.g.*, *In re American Purchasing Services, LLC*, Case No. 20-23495-BKC-SMG (Bankr. S.D. Fla Dec. 16, 2020); *In re HearUSA, Inc.*, Case No. 11-23341-BKC-EPK (Bankr. S.D. Fla. May 20, 2011); *In re Gulfstream International Group, Inc., et al.,* Case No. 10-44131-BKC-JKO (Bankr. S.D. Fla. Nov. 8, 2010); *In re Medical Staffing Network Holdings, Inc., et al.*, Chapter 11 Case No. 10-29101-BKC-EPK (Bankr. S.D. Fla. July 22, 2010); *In re Protective Products of America, Inc., et al.*, Chapter 11 Case No. 10- 10711-BKC-JKO (Bankr. S.D. Fla. Feb. 11, 2010); *In re Gemini Cargo Logistics, Inc., et al.,* Chapter 11 Case No. 08-18173-BKC-PGH (Bankr. S.D. Fla. June 20, 2008); *In re First NLC Financial Services, LLC, et al.,* Chapter 11 Case No. 08-10632-BKC-PGH (Bankr. S.D. Fla. Feb. 13, 2008); *In re Tousa, Inc., et al.*, Chapter 11 Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008); *In re Levitt and Sons, LLC et al.,* Chapter 11 Case No. 07-19845- BKC-RBR (Bankr. S.D. Fla. Nov.14, 2007); *In re Gemini Cargo Logistics, Inc., et al,* Chapter11 Case No. 06-10870-BKC-AJC (Bankr. S.D. Fla. Mar. 20, 2006).

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in substantially the same form as the proposed order attached hereto **as Exhibit "A"** (i) granting the Motion; (ii) authorizing the procedures for compensating and reimbursing Professionals as set

forth herein; and (iii) granting the Debtors such other and further relief that is just and proper.

Respectfully submitted this 6th day of May 2025.

**EDELBOIM LIEBERMAN PLLC**
*Proposed Counsel for the Debtors*
2875 NE 191st St.
Penthouse One
Miami, FL 33180
Telephone: (305) 768-9909
Facsimile: (305) 928-1114
Email: brett@elrolaw.com
Email: morgan@elrolaw.com

By: */s/ Brett D. Lieberman*
       Morgan Edelboim
       Florida Bar No. 40955
       Brett D. Lieberman
       Florida Bar No. 69583

**EXHIBIT "A"**
**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| TZADIK SIOUX FALLS PORTFOLIO I, LLC | Case No. 25-13865-PDR |
| TGM2, LLC | Case No. 25-13867-PDR |
| GARDEN VILLAS APARTMENTS, LLC, | Case No. 25-13868-PDR |
| TZADIK HIDDEN HILLS APARTMENTS, LLC | Case No. 25-13884-PDR |
| TZADIK RAPID CITY PORTFOLIO I, LLC | Case No. 25-14655-PDR |
| | |
| | (Jointly Administered) |
| Debtors. | Main Case No. 25-13865-PDR |
| _____/ | |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**ESTABLISHING PROCEDURES TO PERMIT MONTHLY PAYMENT OF**
**INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS**

THIS CAUSE came before the Court on May __ at __ p.m. upon the *Debtors' Motion for Entry of an Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals* (the "Motion") [ECF No. _][3] retained by order of the Bankruptcy Court pursuant to 11 U.S.C. §§ 105(a), 330, and 331 and Local Rule 2016-1-B(3)(b),

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

seeking the entry of an order establishing procedures for compensating and reimbursing chapter 11 professionals employed by the Debtors' estates on a monthly basis. The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court, having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and proper and adequate notice of the Motion having been served on the Office of the United States Trustee, counsel for the secured creditors, all parties who have filed a notice of appearance, and all known creditors of the Debtors, and that no other or further notice is necessary. Having heard argument of counsel, and considering the record after due deliberation, and finding good and sufficient causes exists to grant the Motion, it is:

**ORDERED as follows:**

1.    The Motion is **GRANTED.**

2.    Compensation and reimbursement of the Professionals in these Chapter 11 cases shall be in accordance with this Order.

3.    Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all Professionals retained by the Debtors in these Chapter 11 cases may seek monthly payment of compensation and reimbursement of expenses of the Professionals in accordance with the following procedure:

a.    On or before the 10th day of each month following the month for which compensation is sought, each Professional will serve a statement upon (i) the Debtors, c/o Adam Hendry, the Manager (email: adam.hendry@tzadikconsulting.com); (ii) the attorneys for the Debtor, Edelboim Lieberman PLLC, c/o (email: brett@elrolaw.com); (iii) the attorneys for the Office of the United States Trustee, John Shank (john.s.schank@usdoj.gov); (iv) the attorneys for secured lender Merchants Bank of Indiana, Bast Amron LLP c/o Scott Brown (email: sbrown@bastamron.com); (v) the attorneys for secured lender Fannie Mae, Reed Smith LLP c/o Keith Aurzada (email: kaurzada@reedsmith.com; (vi)

counsel to any official committee of unsecured creditors appointed in these Chapter 11 cases; and (vii) counsel to any other party-in-interest that specifically requests notice (together, the "Notice Parties").

b.  The monthly fee statements need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since the relief requested herein is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

c.  Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Notice Parties) which, shall ordinarily be for services rendered through a particular calendar month.

d.  Each of the Notice Parties receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Notice Parties and the Professional so as to have such objection actually received on or before the 25th day of the month in which the statement is received. The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

e.  In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested, except for fees or expenses as to which an objection may be served by one of the Notice Parties as provided below.

f.  If the Debtors receive an objection to a particular fee statement, the Debtors shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth above. All Professionals subject to the relief requested herein shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth below and after order of the Court.

g.  Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was

objected to serves on all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay 80% of that portion of the fee statement which is no longer subject to an objection.

h. All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next hearing on an interim or final fee application.

i. The service of an objection shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

j. Unless the Court orders otherwise, each of the Professionals utilizing the procedures described herein shall file interim fee applications, for the amount of fees and expenses sought above, in accordance with the 120-day guideline set forth in Section 331 of the Bankruptcy Code as follows:

    i. First Interim Fee Applications may be filed on or after August 9, 2025 (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by the Professionals from the Petition Date through December 26, 2021.

    ii. Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding 120-day time period. All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases. The Court shall schedule and conduct a hearing upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

k. A Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these fee procedures when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

l. A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

m. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses as provided herein shall

have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

4.      The Debtors shall include all payments to Professionals on its monthly operating report, detailed as to state the amount paid to each of the Professionals.

5.      The Debtors may not make any payments under this Order if the Debtors have not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. §1930.  Otherwise, this Order shall continue and shall remain in effect during the pendency of the Chapter 11 cases unless otherwise ordered by the Court.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      Upon motion or application, and after due notice to all parties, additional professionals employed by the Debtors will be authorized to participate in the modified compensation procedures as set forth in this Order.

8.      All Professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice: I hereby certify that I am in compliance with the terms of the Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals.

###

Submitted by:

Brett D. Lieberman
Edelboim Lieberman PLLC
2875 NE 191st St.
Penthouse One
Aventura, FL 33180
Telephone:  (305) 768-9909
Facsimile:   (305) 928-1114
Copy furnished to

Brett D. Lieberman Esq., who is directed to serve a conformed copy of this order on all interested parties and file a certificate of service with the Court.